Mjnshall, J.
Two questions are presented by the record. 1. Did the common pleas err in refusing to consider the bill of exceptions? And, 2. If it did, Is the judgment of the justice against the law and the evidence? These questions will be considered in their order.
1. By an amendment of section 6565, Revised Statutes, that took effect July 1,1893 (91 Laws, 358) the right is given to a party “In all cases before a justice of the peace, whether tried by a jury or by the justice of the peace,” among other things, to except to the decision of the court on a motion “for a new trial because the verdict, or if a jury is waived, the finding of the court is against the law and the evidence.” He is then required to reduce his exception to writing and present it to the trial justice, “and if the same is correct he shall sign said bill of exceptions and file the same with the papers in *285 the case, and note such signing and filing in his docket, and transmit the same with the transcript of his docket and original papers, within ten days from the date of the signing, to the clerk of the court of common pleas, and by him filed and entered in his docket as in other cases.” The parts here quoted constitute the principal change made in the law by the amendment of this section. By the same act Sec. 595, Revised Statutes, was amended so as to dispense with the spreading of the bill of exceptions upon the docket, the requirement now being that he shall “simply enter on his docket the signing of the same with the date thereof.” It is then provided that “Such entries in a justice’s docket, or a transcript thereof, certified by the justice, or his successor in office shall be evidence to prove the facts stated therein.”
It is not disputed but that the practice adopted complied strictly with these provisions; but it is claimed that they apply only to cases within the civil jurisdiction of a justice of the peace; and that as to eases within his criminal jurisdiction, the law remains unchanged, and they cite and reply on these sections of the Revised Statutes:
Sec. 614. In all cases of summary conviction before a justice of the peace of any offenses punishable by fine or imprisonment, the party or parties defendant shall have the right to except, and to have a bill containing the exceptions signed by such justice of the peace, and made part of the record; and all such convictions may be reviewed by the common pleas court on proceedings in error, and reversed or affirmed as right and justice may require.
Sec. 7358. The proceedings to review any such judgment shall be by petition in error, to which shall be attached such transcript, and also any original papers received by the clerk, except that in cases of felony it shall not be necessary to include in transcript of the record any bill of exceptions, but the *286 original bill of exceptions may be attached in lieu of the transcript of the record thereof. And the court in which the review is sought may, by summary process, compel a more complete record to be furnished, and such original papers to be forwarded.
We do not adopt this view. We concur in the opinion of the circuit court in this regard (15 C. C., 371; 8 C. D., 306.) The language of section 6565 is general. It embraces all cases before a justice of the peace — not merely civil cases. The object seems to have been economy and convenience in practice, and in reason, applies as well to criminal as to civil eases. By approving and filing a bill of exceptions and entering this fact on the docket with the date thereof, it becomes a part of the records in a justice’s court. Compliance with these requirements identifies the bill as a part of the proceedings before the magistrate as fully as if it were spread at large on his docket; and it cannot, therefore, be said that there is any room for uncertainty as to what was done in his court, in a review of his proceedings on .error. There was then no need for a change in section 614. By the amendment of section 6565, the bill became a 'part of the record in contemplation of law by the justice .making a memorandum on his docket that he had allowed and signed it; just as does a bill of exceptions in the common pleas, where it is allowed and signed by the trial judge and ordered to be made a part of the record, though not spread upon the journal. The bill in such case becomes a part of the record without more being done. Section 595, Revised Statutes, read in connection with the immediately preceding section, was the only one, that before the amendment of 6565, required a bill of exceptions to be entered upon the docket, and. by amendment this was changed, so as to dispense with it$ entry upon the docket; and this dispensed with the same requirement in criminal cases, since sectiAu 611, requiring a criminal docket to be kept by a *287 justice of the peace, and directing what should be entered therein, provides that it shall be done “with the same particularity as is required in his civil docket as to civil actions.” In other words, the keeping of the criminal docket is made to conform to the keeping of the civil docket, and, as by the amendment, the entry of a bill of exceptions on the docket is now dispensed with in civil cases, it is likewise dispensed with in criminal cases.
It is also made an objection that the transcript -was not attached to the petition in error as required by section 7358. We do not think that this is a. prerequisite to jurisdiction. It could easily have been attached if required. But it seems that no such objection as this was made in the court below — the objection there was that the bill of exceptions had not been entered on the docket. The court would have had the power to have permitted it to be done (section 7358); and we can see no reason why it should have refused, had leave been asked on the objection being made. The objection must now be regarded as waived. The case of Stanley v. State. 23 Ohio St., 581, is cited in support of this contention. It is not in point. It was decided before writs of error in criminal cases had been abolished. The remedy now in criminal eases being by petition in error as in civil cases, the same practice obtains in this regard in both classes of cases. Section 7304 also shows that uniformity of practice is to be followed in the taking of bills of exceptions in civil and criminal cases.
2. We come now to the merits of the case: Was the conviction against the evidence?
It Avas shoAvn by the evidence that a sample of what was exposed for sale by the defendant was pure butter, Avithout any foreign admixture, containing seventy-three per cent, of butter fat; the expert testifying that he could not even designate it as butter of “Ioav grade,” but simply as containing too much *288 water, the butter-milk not being properly worked out. There was no dispute about this. Did this constitute an offense against the statute? We think not. The ofíense charged against the accused was that of exposing for sale oleomargarine without keeping a white placard in a conspicuous place where it was sold, with the words printed thereon in black letters, “Oleomargarine Sold Here.” So that unless what the defendant exposed for sale was oleomargarine, he was not guilty as charged. The statute, section 4, defines it as follows:
“The word ‘oleomargarine’ as used in this statute, shall be construed to mean any substance not pure butter of not less than eighty per cent, of butter fat, which substance is made as a substitute for, in imitation of, or to be used as butter.”
The definition excludes pure butter. The article exposed for sale was pure butter, and so had not been made as a substitute for, or in imitation of butter. It may have been inferior butter; but this statute does not purport to regulate the grade of butter, or determine what per cent, of butter fat it shall contain. Whether it would be wise to have such a statute, the legislature must determine. It defines and regulates the sale of oleomargarine, and by its terms excludes pure butter without defining it. This, as shown, was made from pure milk, no adulteration was detected, and though not up to the standard in butter fats, a circumstance due to its manufacture, was nevertheless pure butter. It had not been made as a substitute for or in imitation of butter. It was made for butter and was butter.

Judgment affirmed.